Filed 1/26/23  P. v. Saldivar CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>GERARDO AVILA SALDIVAR,<br><br>     Defendant and Appellant. | G061588<br><br>(Super. Ct. No. 18CF3079)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed and remanded with instructions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2022, defendant Gerardo Avila Saldivar (Saldivar) was charged in a first amended information with eight counts of committing lewd acts on a child (Pen. Code,[1] § 288, subd. (a)). There were three alleged victims: Saldivar's niece and his two granddaughters (Granddaughter 1 and Granddaughter 2). Counts 1, 2, and 3 related to Saldivar's niece; counts 4 and 5 related to Granddaughter 1; the remaining counts related to Granddaughter 2. There were also allegations related to multiple victims and the statute of limitations.

Saldivar entered not guilty pleas to all counts and his trial commenced in April 2022. On April 28, 2022, the trial court dismissed count 3 pursuant to section 1118.1. The jury subsequently found Saldivar guilty of all remaining counts; it also found true the multiple victims and statute of limitations allegations. The trial court sentenced Saldivar to 25 years to life on count 4, a consecutive term of 25 years to life on count 6, a consecutive term of 6 years on count 1, and concurrent terms on the remaining counts.[2]

Saldivar filed a timely notice of appeal authorized by section 1237, subdivision (a).

We appointed counsel to represent Saldivar on appeal. After conducting his analysis of potential appellate issues, counsel informed us in his declaration that he reviewed the appellate record and consulted with a staff attorney at Appellate Defenders, Inc. who he believed also reviewed the record. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v.*

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

[2]     The trial court found Saldivar was unable to pay the court security fee (§ 1465.8) and the criminal conviction assessment (Gov. Code, § 70373). The abstract of judgment incorrectly shows the court imposed both fees. The trial court is directed to prepare an amended abstract correcting these errors.

*California* (1967) 386 U.S. 738 (*Anders*).  While not arguing against his client, counsel set forth the facts of the case and advised us he was unable to find an issue to argue on defendant's behalf.  Counsel advised Saldivar of his right to file a written argument on his own behalf; he has not done so.

For the reasons discussed below, we affirm.

**FACTS**

The victims are the niece and two granddaughters of Saldivar.  The niece was born in 1986.  The granddaughters were born in 2006 and 2008.  At times, one or all of the victims may have lived with Saldivar.

Each of the girls testified at Saldivar's trial.  For purposes of this appeal, it is unnecessary for us to describe their testimony in detail, but their stories were similar.  Essentially each victim claimed that over an extended period of time when they were minors Saldivar touched their intimate areas and required that they do the same to him.  When interviewed by a police detective after his arrest, Saldivar admitted much of the alleged misconduct.

**DISCUSSION**

Although Saldivar's counsel informs us he has been unable to find any viable appellate issue to argue on his client's behalf, pursuant to *Anders, supra,* counsel directs our attention to one potential issue:  "Did the trial court abuse its discretion when it denied appellant's motion to exclude his statement to the police because the statement was not voluntary?"  We have therefore examined this issue.

It is well-established that an involuntary confession cannot be introduced against a defendant at trial.  Whether police conduct generated an involuntary confession generally involves questions of fact.  If a suspect "is given to understand that he might reasonably expect benefits in the nature of more lenient treatment at the hands of the police, prosecution or court in consideration of making a statement, . . . such motivation

3

is deemed to render the statement involuntary and inadmissible." (*People v. Hill* (1967) 66 Cal.2d 536, 549.) A trial court's denial of a motion to exclude evidence is reviewed under an abuse of discretion standard. (*People v. Guerra* (2006) 37 Cal.4th 1067, 1113, disapproved on other grounds in *People v. Rundle* (2008) 43 Cal.4th 76, 114.)

The trial court heard testimony from the Santa Ana Police Department officer who arrested and interviewed Saldivar during the hearing conducted to determine the admissibility of appellant's statement. The court also read the transcript of Saldivar's statement and considered the arguments of counsel before it ruled. During argument the court inquired of Saldivar's trial counsel about the scope of Saldivar's motion:

"THE COURT: I don't think anybody is bringing an issue in regards to the statement by the defendant, as far as the *Miranda*[3] advisement is concerned, are they?

"[DEFENSE COUNSEL]: No. This is just a focus on the voluntariness." The trial court thereafter limited its analysis to that issue.

"THE COURT: . . . I looked at this thing whether if [Saldivar] would have given the interview if not for them saying, you know, you won't be deported or it's not a life case. [¶] But I think I agree with [the prosecutor's] analysis of the situation in that those statements weren't the impetus for his ultimate statements he made because they occurred pretty early in the whole process. They never promised him anything in exchange for his statement. They never promised him anything was going to happen if he tells the truth. There is a lot of conversation that goes on for, I think—is it 80 minutes?

"[THE PROSECUTOR]: 82.

"THE COURT: So I find that it's not involuntary and I will admit the statement."

---

[3]  *Miranda v. Arizona* (1966) 384 U.S. 436.

4

After reviewing the entire record in context, as we must, and applying the fundamental rules set forth above, we reach the same conclusion.

Not long after the commencement of his police interview, Saldivar asked whether he was "gonna go for the rest of [his] life in jail?" The officer responded, "You're not gonna go away for the rest of your life. You didn't kill anyone. Alright? You made some mistakes. Alright? We just wanna hear the truth." Shortly thereafter Saldivar admitted he had touched Granddaughter 1.

Soon after that Saldivar said," I don't wanna be deported." The officer replied: "This is a sanctuary city. No one gets deported here in this city. Okay. But I need you to be honest about what's, what's gone on at this house." After this exchange Saldivar made most of his admissions.

As defense counsel acknowledged, urging a suspect to tell the truth does not render a confession involuntary. (*People v. Robinson* (1969) 274 Cal.App.2d 514, 518.) Nor does advising a suspect during an interrogation that this may be his one opportunity to tell the truth. (*People v. Williams* (1997) 16 Cal.4th 635, 658.) Ultimately, a court must look at the "totality of the circumstances" surrounding the contested statement, and then make its judgment. It is apparent the trial judge understood and applied the correct rules as he described his thought process for us: "I have gone back and forth on this because I must have read the transcript three times now, three or four times. It is the totality of the circumstances."

We find no abuse of discretion here.

We have also, as we must, examined the entire record and, like counsel, found no other arguable appellate issue.

## DISPOSITION

The judgment is affirmed.  Pursuant to footnote two above, the case is remanded to the trial court with instructions to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

6